THE CENTENNIAL.

(District Court, N. D California. June 29, 1904.)

No. 13,188.

1. SHIPPING—CARRIAGE OF PASSENGERS—INSUFFICIENCY OF ACCOMMODATIONS.
    Allegations of a libel by steerage passengers on a voyage from Seattle to San Francisco to recover damages for breach of contract on the ground that the ship failed to furnish them with proper food, quarters, and bedding, *held* not sustained by the evidence.

In Admiralty.

Wm. P. Hubbard and Arthur H. Barendt, for libelants.
Frank & Mansfield, for claimant.

DE HAVEN, District Judge. This libel is brought against the steamer Centennial by a number of persons who were passengers on her on a voyage from Seattle to San Francisco. Each of the libelants demands damages in the sum of $500. The allegations of the libel are, in substance, that libelants were not furnished bedding and blankets; that during the whole voyage the food given them was of poor quality, not properly cooked, and wholly unfit for con-

sumption; that the steerage compartment had poor ventilation, and their berths were near the toilet, from which came disagreeable odors, by reason of not being kept in a clean and sanitary condition; and that four dogs were kept in the large steerage compartment assigned to the libelants for sleeping quarters. It appears from the evidence that the libelants were furnished with bunks and standees upon which to sleep, but no blankets or other covering. It also appears that libelants were steerage passengers, and the evidence shows that it is not usual or customary upon steamers plying between San Francisco and Seattle to furnish steerage passengers with blankets or other covering. The libelants Gilbert, Thompson, Rieman, and Sullivan, however, testified that when they purchased tickets representations were made to them by the ticket agent to the effect that their tickets would entitle them not only to a berth, but also a bed with blankets or other covering. The other libelants did not so testify, and the alleged fact that such representations were made is denied by the agent who sold the tickets. Upon consideration of all the evidence upon this point, I am not satisfied that such representations were made. So, also, the other allegations of the libel—those in relation to the unwholesomeness of the food, poor ventilation of the steerage cabin, and the stench arising from the toilet therein—are not, in my opinion, sustained by the evidence. The evidence does show that three or four dogs were kept in the steerage cabin. Assuming that the libelants have some cause to complain because dogs were carried in the steerage cabin, still this did not constitute such a breach of the libelants' contract for passage as to entitle them to substantial damages.

The libel is dismissed, with costs.